## In re GUAYDE.

(Circuit Court, S. D. New York. December 11, 1901.)

IMMIGRATION LAWS—IMPORTATION OF WOMEN FOR PURPOSE OF PROSTITUTION.

Act March 3, 1875, § 3 (18 Stat. 477), which provides that "whoever shall knowingly and willfully import, or cause any importation of, women into the United States, for the purposes of prostitution, or shall knowingly and willfully hold, or attempt to hold, any woman to such purposes, in pursuance of such illegal importation and contract or agreement, shall be deemed guilty of a felony," etc., does not make it an offense to attempt to import for such purposes; and where a woman brought other women to this country under an agreement to furnish them with legitimate employment, the mere fact that during the voyage she proposed to them that they engage in prostitution after their arrival, which proposal they at once rejected, does not subject her to prosecution under such statute.

On Petition of Lena Schmidt Guayde for a Writ of Habeas Corpus.

Joel Marx, for the motion.
Clarence S. Houghton, U. S. Asst. Atty., opposed.

LACOMBE, Circuit Judge. The petitioner was arrested on the 2d day of November, 1901, upon information charging her with having imported two women into the United States for purposes of prostitution. She was brought before a United States commissioner, and, a hearing having been had, warrant was issued committing her to the custody of the marshal, to await the action of the grand jury. The statute against which it is claimed the petitioner offended is the act of March 3, 1875, the third section of which reads as follows:

"Section 3. That the importation into the United States of women for the purposes of prostitution is hereby forbidden; and all contracts and agreements in relation thereto, made in advance or in pursuance of such illegal importation and purposes, are hereby declared void; and whoever shall knowingly and willfully import, or cause any importation of, women into the United States for the purposes of prostitution, or shall knowingly and willfully import, or attempt to hold, any woman to such purposes, in pursuance of such illegal importation and contract or agreement, shall be deemed guilty of a felony, and, on conviction thereof, shall be imprisoned not exceeding five years, and pay a fine not exceeding five thousand dollars."

The testimony for the prosecution showed that the petitioner, being at the time in Paris, France, made an agreement with two young women that they should come with her to San Francisco, for which place she was about to depart, and should there continue in her employ, the one as chambermaid and waitress, and the other as cook and laundress, and that she would advance the expense of the voyage, to be deducted from their subsequent earnings. Under this agreement the three of them set sail from France. When three days out the petitioner proposed to the women that when they reached her house in San Francisco they should put on some fine clothes, which she would furnish them, and commit acts of prostitution with men. Both the women have testified, and both insist that they at once repudiated the proposition with indignation, and nothing

further was said about it. It is quite manifest that this testimony wholly fails to make out an offense under the language of the statute. The petitioner most certainly has not imported, nor has she caused the importation of, any women for the purposes of prostitution. It is true she has attempted to do so, but the attempt failed; and an attempt to import for such purposes is not within the prohibition of the statute. The latter half of the section makes it an offense not only to hold, but to attempt to hold, any woman for the purposes of prostitution, but an attempt to import for such purposes is not made an offense.

The petitioner should be discharged.